IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICROSOFT MOBILE INC. and<br>MICROSOFT MOBILE OY,<br><br>                       Plaintiffs;<br>      v.<br><br>INTERDIGITAL, INC., INTERDIGITAL<br>COMMUNICATIONS, INC.,<br>INTERDIGITAL TECHNOLOGY<br>CORPORATION, INTERDIGITAL PATENT<br>HOLDINGS, INC., INTERDIGITAL<br>HOLDINGS, INC., and IPR LICENSING,<br>INC.,<br><br>                       Defendants. | Civil Action No. 15-723-RGA |

**MEMORANDUM ORDER**

Presently before the Court is Defendants' (collectively "IDC") Motion for Certification of Interlocutory Appeal. (D.I. 29). The issue has been fully briefed. (D.I. 30, 31, 32). For the reasons set forth herein, IDC's motion is **DENIED**.

On April 13, 2016, the Court denied IDC's motions to dismiss and to strike. (D.I. 27). IDC now moves for certification of interlocutory appeal, specifically "request[ing] that the Court amend its [Order] by certifying for interlocutory appeal ... the following questions: (1) Whether a complaint alleging monopolization attributable to an allegedly false promise to license standards-essential patents on FRAND terms states a claim under Sherman Act Section 2 without identification of any patent that is, in fact, essential to a standard; and (2) Whether a complaint alleging monopolization based on alleged abuse of standards-essential patents is barred by the *Noerr-Pennington* doctrine when the complaint relies on non-sham patent enforcement conduct as the primary cause of the alleged antitrust violation." (D.I. 29).

1

"The decision of whether to grant leave to file an interlocutory appeal is 'informed by the criteria set forth in 28 U.S.C. § 1292(b).'" *Chase Bank USA, N.A. v. Hess*, 2011 WL 4459604, at *1 (D. Del. Sept. 26, 2011) (quoting *In re Phila. Newspapers, LLC*, 418 B.R. 548, 556 (E.D. Pa. 2009)). "Leave to file an interlocutory appeal may be granted when the order at issue (1) involves a controlling question of law upon which there is (2) substantial grounds for difference of opinion as to its correctness, and (3) if appealed immediately, may materially advance the ultimate termination of the litigation." *In re SemCrude, L.P.*, 407 B.R. 553, 556-57 (D. Del. 2009) (citing *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974)); *see also* 28 U.S.C. § 1292(b). "Interlocutory appeal is meant to be used sparingly and only in exceptional cases where the interests cutting in favor of immediate appeal overcome the presumption against piecemeal litigation." *DeLalla v. Hanover Ins.*, 2010 WL 3908597, at *3 (D.N.J. Sept. 30, 2010).

IDC seeks appeal on two bases, neither of which satisfies the criteria set forth in § 1292(b).

IDC contends that Microsoft did not allege sufficient facts to sustain a § 2 monopolization claim. Even assuming that this is a controlling question of law, I do not believe that there is a substantial ground for difference of opinion on this question. The Third Circuit's decision in *Broadcom Corp. v. Qualcomm Inc.*, 501 F.3d 297 (3d Cir. 2007), is squarely on point and is controlling.

Additionally, neither basis, if appealed immediately, would "materially advance the ultimate termination of the litigation." *In re SemCrude*, 407 B.R. at 557. IDC seeks appeal from a denial of a motion to dismiss. Even if the motion to dismiss were eventually granted, Microsoft would be afforded leave to amend its complaint. Further, as to the *Noerr-Pennington*

2

question, since Microsoft alleged harms flowing from conduct outside of the scope of *Noerr-Pennington* immunity, even a successful dismissal would only narrow the scope of Microsoft's antitrust claim, rather than dispose of it entirely.

I conclude that IDC has failed to present the exceptional circumstances which would justify an interlocutory appeal.

For the reasons stated above, IDC's motion for certification of interlocutory appeal (D.I. 29) is **DENIED**.

It is **SO ORDERED** this 13 day of June, 2016.

*Richard G. Andrews*
United States District Judge