**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MICROSOFT MOBILE, INC. and MICROSOFT MOBILE OY, ) ) ) Plaintiffs, ) ) v. ) ) INTERDIGITAL, INC.; INTERDIGITAL ) COMMUNICATIONS, INC.; INTERDIGITAL ) TECHNOLOGY CORPORATION; ) INTERDIGITAL PATENT HOLDINGS, INC.; ) INTERDIGITAL HOLDINGS, INC.; and IPR ) LICENSING, INC., ) ) Defendants. ) | C.A. No.: 15-723-RGA **JURY TRIAL DEMANDED** |

**DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR MOTION FOR THE ISSUANCE OF LETTERS OF REQUEST PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS**

OF COUNSEL:
WILSON SONSINI
GOODRICH & ROSATI
David S. Steuer
E-mail: dsteuer@wsgr.com
Michael B. Levin
E-mail: mlevin@wsgr.com
Maura L. Rees
E-mail: mrees@wsgr.com
650 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 493-9300

WILSON SONSINI
GOODRICH & ROSATI
Jonathan M. Jacobson
E-mail: jjacobson@wsgr.com
Lucy Yen
Email: lyen@wsgr.com
1301 Avenue of the Americas
New York, NY 10019

SMITH, KATZENSTEIN & JENKINS LLP
Neal C. Belgam (No. 2721)
Eve H. Ormerod (No. 5369)
1000 West Street, Suite 1501
P.O. Box 410
Wilmington, Delaware 19899
(302) 504-1688
nbelgam@skjlaw.com
eormerod@skjlaw.com

*Counsel for Defendants InterDigital, Inc.*
*InterDigital Communications, Inc.,*
*InterDigital Technology Corporation,*
*InterDigital Patent Holdings, Inc.,*
*InterDigital Holdings, Inc., and IPR*
*Licensing, Inc.*

March 3, 2017

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

I.  INTRODUCTION ......................................................................................................... 1

II. RELEVANT PROCEDURAL HISTORY .................................................................... 2

III. LEGAL STANDARD .................................................................................................... 3

IV. ARGUMENT .................................................................................................................. 4

    A.    The Requested Discovery is Highly Relevant ........................................................ 4

    B.    InterDigital Has Been Unable Obtain the Requested Discovery Through Alternate Means .................................................................................................... 6

V. CONCLUSION ............................................................................................................... 7

## TABLE OF AUTHORITIES

**CASES**

*Ethypharm S.A. France v. Abbott Labs.*,
    748 F. Supp. 2d 354 (D. Del. 2010) .................................................................................. 2

*In the Matter of Certain Wireless Devices with 3G Capabilities
    and Components Thereof*,
    Inv. No. 337-TA-800, Initial Determination,
    2013 WL 3961230 (June 28, 2013) .................................................................................. 3

*J.P. Morgan Chase Bank v. Winnick,*
    228 F.R.D. 505 (S.D.N.Y. 2005) ...................................................................................... 2

*Madanes v. Madanes*,
    199 F.R.D. 135 (S.D.N.Y. 2001) ...................................................................................... 4

*Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for the Southern
    Dist. of Iowa*,
    482 U.S. 522 (1987) ......................................................................................................... 3

*Tulip Comput. Int'l B.V. v. Dell Comput. Corp.*,
    254 F. Supp. 2d 469 (D. Del. 2003) .................................................................................. 3

Defendants InterDigital, Inc., InterDigital Communications, Inc., InterDigital Technology Corporation, InterDigital Patent Holdings, Inc., InterDigital Holdings, Inc., and IPR Licensing, Inc. (collectively, "InterDigital" or "Defendant") respectfully request the Court to issue Letters of Request requesting international judicial assistance in Finland, the United Kingdom of Great Britain and Ireland, and Australia pursuant to 28 U.S.C. 1781(b), Federal Rules of Civil Procedure 28 and 30(b)(6), and the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Evidence Convention"). These Letters of Request will enable Defendant to seek document and deposition discovery from Nokia Corporation, which originally held the rights to the claims Plaintiffs Microsoft Mobile, Inc. and Microsoft Mobile Oy ("Plaintiffs") now bring. Defendant has met and conferred with Plaintiffs in compliance with D. Del. L.R. 7.1.1, and Plaintiffs do not oppose this Motion.

## I.  INTRODUCTION

InterDigital seeks discovery from Finland-based Nokia Corporation ("Nokia"), which closed the sale of its handset business to Microsoft Corporation on April 25, 2014 ("Nokia Asset Purchase"). From at least 2005 up until the Nokia Asset Purchase, InterDigital and Nokia were involved in various litigation and arbitration matters relating to the licensing of disclosed standards-essential patents ("SEPs") on fair, reasonable, and non-discriminatory ("FRAND") terms. Plaintiffs, wholly-owned subsidiaries of Microsoft Corporation that were formed as a result of the Nokia Asset Purchase, now assert as assignees claims that originated with Nokia, invoke the lengthy history of litigation between InterDigital and Nokia, and rely on many of the same factual allegations as Nokia relied on in its previous matters against InterDigital.

Because the requested discovery is highly relevant to the Sherman Act claim asserted by Plaintiffs and to InterDigital's counterclaims and defenses, and because Plaintiffs have objected to production of such documents on the basis that the documents are outside Plaintiffs'

1

possession, custody, or control,[1] InterDigital respectfully requests that the Court grant its Motion for the Issuance of a Letter of Request Pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters.

## II.     RELEVANT PROCEDURAL HISTORY

This lawsuit arises out of disputes between InterDigital and Nokia dating back to 2005, when Nokia filed a lawsuit against InterDigital in this Court. There, Nokia claimed that InterDigital violated the Lanham Act in making statements to the European Telecommunications Standards Institute ("ETSI") concerning potential SEPs for 3G cellular technology. *See Nokia Corp., et al. v. InterDigital Commc'ns Corp. et al.*, Civil Action No. 05-0016-JJF (D. Del. filed Jan. 12, 2005). Two years later, InterDigital filed a complaint in the International Trade Commission ("ITC") asserting infringement of certain patents, along with a parallel action in this Court. *See InterDigital Commc'ns LLC v. Nokia Corp. et al.*, Civil Action No. 07-0489-SLR (D. Del. filed Aug. 7, 2007).

In 2011 and 2013, InterDigital filed two additional ITC investigations, along with parallel actions in this Court. *See InterDigital Commc'ns LLC v. Nokia Corp. et al.*, Civil Action No. 11-0654-RGA (D. Del. filed July 26, 2011); *InterDigital Commc'ns Inc. v. Nokia Corp. et al.*, Civil Action No. 13-0010-RGA (D. Del. filed Jan. 2, 2013). In one of these actions, Nokia asserted

---

[1] Microsoft's objection is improper, because Nokia's assignment of its claims to Microsoft obligates Microsoft to collect and produce responsive documents from Nokia, the assignor. *See J.P. Morgan Chase Bank v. Winnick,* 228 F.R.D. 505, 507 (S.D.N.Y. 2005) (assignee of claim had duty to produce documents to which opposing parties would have been entitled had assignor brought claim itself). InterDigital does not waive its right to obtain such discovery from Microsoft. However, in light of the case deadlines and the lengthy procedures associated with Hague Convention service, InterDigital seeks a Letter of Request as a parallel means of seeking the needed discovery. *See Ethypharm S.A. France v. Abbott Labs.*, 748 F. Supp. 2d 354, 357 (D. Del. 2010) (requesting party's "efforts to begin the issuance of Hague Convention letters of request will not prejudice [that party's] concurrent claim that [opposing party] is obliged to produce the requested [discovery] pursuant to the Federal Rules").

numerous counterclaims, including one under the California Unfair Competition Law, based on the same facts as the Sherman Act claim raised by Plaintiffs here. *Compare, e.g.*, Civil Action No. 13-0010-RGA, D.I. 13 ¶ 74 *with* D.I. 1 ¶ 56 (alleging injury to competition as a result of InterDigital's alleged refusal to offer SEPs on FRAND terms). Nokia again raised the same arguments as here concerning InterDigital's alleged breach of FRAND commitments in the three ITC Investigations initiated by InterDigital. *See, e.g.*, *In the Matter of Certain Wireless Devices with 3G Capabilities and Components Thereof*, Initial Determination, Inv. No. 337-TA-800, 2013 WL 3961230 (USITC June 28, 2013) (rejecting Nokia's arguments and finding that it failed to establish any breach of FRAND commitments by InterDigital).

On August 20, 2015, Microsoft filed the present lawsuit, highlighting its role as successor to Nokia's claims and seeking to revive Nokia's decade-old arguments regarding InterDigital's alleged breach of FRAND obligations and alleged "patent hold-up." *See* D.I. 1 ¶¶ 12, 58; *see also* D.I. 43 at 9:13-17 (9/21/16 Hearing Tr. of Scheduling Conference) (Plaintiff's counsel noting that interests are "primarily based on the business [Microsoft] bought from Nokia").

### III.    LEGAL STANDARD

A party seeking to proceed under the Hague Evidence Convention bears the burden of persuading the court that proceeding in this manner is necessary. *See Tulip Comput. Int'l B.V. v. Dell Comput. Corp.*, 254 F. Supp. 2d 469, 474 (D. Del. 2003) (citations omitted). However, that burden is not great, as the Hague Evidence Convention's procedures are "available whenever they will facilitate the gathering of evidence by the means authorized in the Convention." *Id.* (citing *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for the Southern Dist. of Iowa*, 482 U.S. 522, 541 (1987)). Among other factors, courts may consider "comity, the relative interests of the parties including the interest in avoiding abusive discovery, and the ease

and efficiency of alternative formats for discovery." *Madanes v. Madanes*, 199 F.R.D. 135, 141 (S.D.N.Y. 2001).

## IV. ARGUMENT

Pursuing discovery under the Hague Evidence Convention is proper and necessary here. *First*, as a preliminary matter, the United States, the United Kingdom of Great Britain and Ireland, Australia and Finland are contracting states under the Hague Evidence Convention.[2] *Second*, the Letter of Request is directed at Plaintiffs' predecessor and assignor, Nokia Corporation, which possesses information highly relevant to the Sherman Act claim that Plaintiffs are asserting as Nokia's assignee, as well as to InterDigital's counterclaims and defenses. *Third*, despite their assumption of Nokia's handset business and the rights associated with that business, Plaintiffs represent that they have no control over the documents InterDigital seeks and that they will not provide such discovery. *Fourth*, because Nokia is a foreign non-party, InterDigital cannot obtain the requested documents through any alternate means.

### A. The Requested Discovery is Highly Relevant

Plaintiffs admit that they are the successors-in-interest of Nokia's handset business, and that they are asserting claims acquired from Nokia in this litigation. *See, e.g.*, D.I. 1 ¶ 12 ("[Plaintiff] succeeded to all relevant assets, liabilities, and claims in relation to the acts alleged in this Complaint as part of Microsoft Corporation's acquisition of Nokia Corporation's Devices and Services business."). Indeed, Plaintiffs' core assertions in this action are the same as Nokia's previous allegations that InterDigital breached its FRAND obligations to ETSI (and

---

[2] *See* https://www.hcch.net/en/instruments/conventions/status-table/?cid=82 (table indicating members of Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters).

other SSOs) and engaged in "patent hold-up" with respect to the very same business that was owned by Nokia prior to 2014. *See* Case No. 13-0010-RGA, D.I. 13 ¶¶ 34, 40-48.

Here, Plaintiffs allege that InterDigital manipulated the standard-setting process through its participation in SSOs since at least the early 2000s (D.I. 1 ¶¶ 48, 52-54) and proposed discriminatory and/or supracompetitive royalty rates to Nokia that were not compliant with its FRAND obligations, which allegedly "continued . . . unabated, but now directly against Microsoft, since Microsoft acquired the Nokia Devices and Services business in April, 2014." (*id*. ¶¶ 55-61). As the license negotiations at issue go back as far as 2006, there is an eight-year time period encompassed by Microsoft's claim during which the relevant negotiations were between InterDigital and Nokia. Because Plaintiffs' Sherman Act claim in this case originated with Nokia, InterDigital seeks document and deposition discovery from both Microsoft and Nokia regarding, among other things, their evaluations of patent licensing offers (including such offers from InterDigital), patent licensing agreements and policies, patent royalty obligations, interactions with and positions concerning SSOs and their policies, understanding of patent essentiality and FRAND terms, and Microsoft's acquisition of Nokia's Devices and Services business.

The requested discovery is crucial to InterDigital's ability to defend against the Sherman Act claim that Plaintiffs are asserting as Nokia's assignee. In addition, such documents are relevant to InterDigital's various defenses, such as unclean hands and estoppel, *see* D.I. 33 at 10 (InterDigital's Answer and Counterclaims), and to InterDigital's Counterclaims for Declaratory Judgment that Plaintiffs' Sherman Act claim is invalid or preempted, and that Plaintiffs engaged in reverse hold-up through their actual and constructive refusals to take a license from InterDigital. *See id.* at 21-22. Indeed, like the Sherman Act claim asserted by Plaintiffs,

InterDigital's allegations of reverse hold-up pertain to the periods both before and after Plaintiffs' formation resulting from Microsoft's acquisition of Nokia's cellular device business. *See id.* at 22.

### B. InterDigital Has Been Unable Obtain the Requested Discovery Through Alternate Means

Plaintiffs have rebuffed InterDigital's attempts to pursue the requested discovery from Microsoft under the Federal Rules of Civil Procedure. Because Plaintiffs are the successors and assignees of Nokia's claims, and should therefore have the ability to obtain relevant documents from Nokia, InterDigital requested that Microsoft obtain and produce documents from Nokia Corporation. Plaintiffs objected and refused to do so: "Microsoft objects to the definition of 'You,' 'Your,' or 'Microsoft' to the extent Defendants seek information from individuals or entities other than the named Plaintiffs in this action (*e.g.*, Nokia Corporation, Nokia USA, Inc.) . . . . Microsoft will construe the terms 'You,' 'Your,' and 'Microsoft' to mean plaintiffs Microsoft Mobile, Inc. and Microsoft Mobile Oy and will provide only documents within the knowledge, possession, custody, or control of those two entities." Ex. 1 at 3-4.

Plaintiffs also objected to specific requests that included documents in the possession of Nokia Corporation: "Microsoft further objects to this request because it seeks documents outside Microsoft's possession, custody, or control, such as documents within the sole possession of third parties, including Nokia Corporation." *Id.* at 56. As explained above (*see supra* note 1), Microsoft's objection is improper and InterDigital will continue to seek the requested documents from Microsoft. However, in the exercise of diligence, InterDigital is also pursuing the discovery under the Hague Evidence Convention in parallel, in the event it becomes necessary to obtain the discovery directly from Nokia.

## V. CONCLUSION

For the foregoing reasons, InterDigital respectfully requests this Court enter an Order granting its Motion and issuing the Letters of Request in the form presented herewith requesting the Competent Authorities in Finland, the United Kingdom of Great Britain and Ireland, and Australia to assist InterDigital in procuring relevant discovery from Nokia Corporation.

March 3, 2017

OF COUNSEL:
WILSON SONSINI
GOODRICH & ROSATI
David S. Steuer
E-mail: dsteuer@wsgr.com
Michael B. Levin
E-mail: mlevin@wsgr.com
Maura L. Rees
E-mail: mrees@wsgr.com
650 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 493-9300

WILSON SONSINI
GOODRICH & ROSATI
Jonathan M. Jacobson
E-mail: jjacobson@wsgr.com
Lucy Yen
Email: lyen@wsgr.com
1301 Avenue of the Americas
New York, NY 10019

SMITH, KATZENSTEIN & JENKINS LLP

 */s/ Eve H. Ormerod*
Neal C. Belgam (No. 2721)
Eve H. Ormerod (No. 5369)
1000 West Street, Suite 1501
P.O. Box 410
Wilmington, Delaware 19899
(302) 504-1688
nbelgam@skjlaw.com
eormerod@skjlaw.com

*Counsel for Defendants InterDigital, Inc. InterDigital Communications, Inc., InterDigital Technology Corporation, InterDigital Patent Holdings, Inc., InterDigital Holdings, Inc., and IPR Licensing, Inc.*