IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICROSOFT MOBILE, INC., et al., | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No. 15-723-RGA |
| INTERDIGITAL, INC., et al., | : | |
| Defendants. | : | |

**MEMORANDUM ORDER**

Defendants seek to conduct discovery from Nokia Corporation using the Hague Convention. (D.I. 62). Plaintiffs agree that such discovery is appropriate, but dispute the scope of the requests. (D.I. 66). Defendants seek a corporate designee deposition and eleven depositions of named individuals. Plaintiffs suggest a limit of one corporate designee deposition and two other depositions of named individuals. Defendants seek eighteen numbered categories of document requests. Plaintiffs do not object to six of the eighteen.

The parties cite cases suggesting, on the one hand, that I ought to balance the appropriate factors and make my best ruling; and, on the other hand, that I ought to permit the Finnish authorities to decide how much is permissible. Perhaps the two views are reconcilable. *See Tulip Computers Intern. B.V. v. Dell Computer Corp.*, 254 F.Supp.2d 469, 474-75 (D.Del. 2003).

On the whole, I think Defendants have the better of the disputes. In terms of document requests, I note that part of Plaintiffs' objection is that Defendants have pending document requests from Plaintiffs for the same documents. Defendants state that Plaintiffs are not

1

producing the documents they have requested. Defendants also note that Plaintiffs' claims originate with Nokia. Plaintiffs' position strikes me as the disfavored "hide the ball" approach to litigation. Defendants object to various requests as being insufficiently specific. This was the same objection that was made in *Tulip*, and, in this instance, I agree with *Tulip* that the Finnish authorities will limit the document requests if they are too broad under Finnish law. Plaintiffs object to Requests Nos. 9, 10, and 11 as being "contention discovery." The requests are broad, but I do not see them as requesting contentions from Nokia. Plaintiffs object to any document requests that post-date Nokia's sale of its "handset business" to Plaintiffs in 2013 or 2014. (I would think the relevant date is when the handset business was actually sold, not when the agreement for sale was signed.). Defendants make a boilerplate response that such evidence would be relevant, but I am not convinced. It is their burden to show relevance. Thus, I would limit the date for document production to documents existing before the sale of the business.

Defendants seek one deposition in Australia and one in the U.K. The topics for the Australian deposition are the same as for the Finn Juha Putkiranta. The topics for the British deposition are the same as for the Finn Ilkka Rahnasto. There is no need to invoke the processes of two other Hague signatories for what appears to be duplicative (to the Finnish requests) efforts. Part of "comity" is not invoking the Hague Convention unnecessarily. Thus, I will not grant the British and Australian requests. Within the nine proposed Finnish depositions, there is substantial overlap. I expect the various topics can be covered by the corporate designee and no more than five individual depositions.

Thus, this 21 day of March 2017, IT IS HEREBY ORDERED that:

1. The motion for the issuance of letters of request (D.I. 62) to the Central Authorities of

the United Kingdom and of Australia is **DENIED**.

2. The motion for issuance of letters of request (D.I. 62) to the Central Authority of Finland is **DENIED AS SUBMITTED**. The Court will grant a renewed request submitted in conformity with the above discussion.

3. The Court invites the parties to schedule a discovery conference if in fact Plaintiffs are stating that their claims are based at least in part on claims assigned by Nokia Corporation, they have no obligation to produce relevant documents from Nokia Corporation, and there is some agreement that provides for Nokia Corporation's assistance or support in connection with the assigned claims.

_____
United States District Judge